**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FENG LI & LEI XIAO, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 06-5911 (SRC) |
| v. | : | |
| | : | **OPINION** |
| ALBERTO GONZALEZ, Attorney General | : | |
| of the United States, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER, District Judge**

The question before the Court is whether it has jurisdiction to hear an action in which the

Plaintiffs seek to compel the United States Citizenship and Immigration Service ("USCIS") to

adjudicate an application for adjustment to lawful permanent residence status.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Feng Li and Lei Xiao are a married couple residing in the United States under

an approved Immigrant Petition for Alien Work, Form I-140, with a National Interest Waiver.

(Compl. ¶ 43.)  On July 15, 2004, Plaintiffs submitted an application to the USCIS to adjust their

status to that of Permanent Resident Aliens, also known as an I-485 application.  (*Id*. ¶ 44.)

Plaintiffs' application has not been adjudicated because the USCIS and the Federal Bureau of

Investigation ("FBI") have not completed security checks adopted by the Attorney General in the aftermath of 9-11.  (*Id*. ¶ 4.)  The reason for this delay is a severe security check backlog.  (*Id*. ¶ 4, 14.)

On December 11, 2006, just shy of two and a half years since the filing of their I-485, Plaintiffs filed a Complaint in federal district court, naming as Defendants the Attorney General of the United States, Alberto R. Gonzalez, the Secretary of Homeland Security, Michael Chertoff, the USCIS, the Director of the USCIS, Emilio T. Gonzalez, the Director of the Vermont Service Center, Paul Novak and the Director of the FBI, Robert S. Mueller.  The Complaint asks the Court to compel adjudication of their I-485 application.

Defendants have moved to dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction.  Plaintiffs assert that the Court has subject matter jurisdiction under the mandamus statute, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701.  Defendants argue that because the pace of the adjudication is, by statute and regulation, left to their discretion--i.e. they do not owe the Plaintiffs any non-discretionary duty to adjudicate an I-485 application within a specified time frame--jurisdiction is improper under the mandamus statute and the APA.  Alternatively, they argue that judicial review of an agency decision to withhold adjudication is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii).

## II.   STANDARD FOR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Under Federal Rule of Civil Procedure 12(b)(1) a defendant may move to dismiss a civil action for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  Under Rule 12(h)(3) the

court is required to dismiss the action whenever it appears that the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).  The plaintiff bears the burden of establishing subject matter jurisdiction.  *See, e.g.*, *Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 805 (3d Cir. 1981) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  On a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## III.   MANDAMUS JURISDICTION

Plaintiffs argue that this Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  The Supreme Court has described mandamus relief under § 1361 as an "extraordinary remedy" which "will issue only to compel the performance of 'a clear nondiscretionary duty.'"  *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U. S. C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty"); *Work v. United States*, 267 U.S. 175, 177 (1925) (stating that "[m]andamus issues to compel an officer to perform a purely ministerial duty" but "[i]t can not be used to compel or control a duty in the discharge of which by law he is given discretion").  A "party seeking mandamus has the burden of showing that its right to issuance of the writ is clear

and indisputable." *Will v. United States*, 389 U.S. 90, 96 (1967) (quotations omitted). The Third

Circuit has explained that

> in order for mandamus to issue, a plaintiff must allege that an officer of the
> Government owes him a legal duty which is a specific, plain ministerial act
> "devoid of the exercise of judgment or discretion." An act is ministerial only
> when its performance is positively commanded and so plainly prescribed as to be
> free from doubt.

*Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (quoting

*Richardson v. United States*, 465 F.2d 844, 849 (3d Cir.1972) (en banc) (citations omitted), *rev.*

*on other grounds*, 418 U.S. 166 (1974)). *See Work*, 257 U.S. at 177 (explaining that a duty is

purely ministerial "where the officer can do only one thing").

## IV.    ANALYSIS

Plaintiffs concede that the ultimate decision whether to grant or deny their application is

unreviewable by this Court, because it is a decision of the Attorney General or the Secretary of

Homeland Security under 8 U.S.C. § 1252(a)(2)(B)(ii). Plaintiffs argue, however, that

Defendants owe them a non-discretionary duty to process their application within a reasonable

time, which Defendants have failed to perform by withholding adjudication for almost two and a

half years. Defendants argue that no such duty exists. They argue that the entire adjustment

process, including the pace at which the application is reviewed, is left to the Attorney General's

discretion and therefore the Court lacks jurisdiction under the mandamus statute. Defendants

also argue that the Court lacks jurisdiction because § 1252(a)(2)(B)(ii) precludes judicial review

of a "decision or action of the Attorney General or the Secretary of Homeland Security the

authority for which is specified under this subchapter [§§ 1151-1378] to be in the discretion of

the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).

The authority of the Attorney General to adjust the status of an alien to permanent residence status is found in 8 U.S.C. § 1255(a), which provides that:

> The status of an alien who was inspected and admitted or paroled into the United States . . . *may* be adjusted by the Attorney General, *in his discretion* and under such regulations *as he may prescribe*, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added).[1]

Defendants rely on two district court cases, *Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (D. Va. 2006), and *Grinberg v. Swacina*, --- F. Supp. 2d ---, 2007 WL 840109 (S.D. Fla. Mar. 20, 2007).  In both cases the district courts held that they lacked subject matter jurisdiction because the term "action" in § 1252(a)(2)(B)(ii) "'encompasses any act or series of acts that are discretionary within the adjustment of status process,' including the pace of [adjudication]," *Grinberg*, 2007 WL 840109 at * 3 (quoting *Safadi*, 466 F. Supp 2d at 698).  *Safadi* and *Grinberg* also held that there was no jurisdiction under the mandamus statute or the APA, because the defendants had no clear, non-discretionary duty to adjudicate an I-485 application within a particular time period.  *Grinberg*, 2007 WL 840109 at * 4; *Safadi*, 466 F. Supp. 2d at 700.

In *Serrano v. Quarantillo*, No. 06-5221 (DRD), 2007 WL 1101434 (D.N.J. Apr. 9, 2007), Judge Debevoise endorsed both holdings of *Safadi*.  Judge Debevoise agreed that the lack of a non-discretionary duty precluded jurisdiction under 28 U.S.C. § 1361 and the APA, and that 8

---

[1]  It should be noted from the outset that while the text of 8 U.S.C. § 1255(a) refers to the Attorney General as the official who may grant an adjustment of status, the authority to adjudicate applications for adjustment of status has been transferred to the Secretary of Homeland Security and the USCIS.  *See* 6 U.S.C. §§ 271(b)(5), 557.  However, for ease and consistency, this Opinion refers to the Attorney General's discretion under § 1255(a).

U.S.C. § 1252(a)(2)(B) prohibited judicial review of the Attorney General's "actions or inactions" relating to the adjustment of a plaintiff's immigration status. 2007 WL 1101434 at * 2-3. *Serrano* presented facts indistinguishable from the case at bar. The plaintiff filed an I-485 application to adjust his immigration status. After two years and eight months had elapsed since the filing of his application, the plaintiff sought to compel action by bringing suit under the APA. *See also Barushi v. Gonzalez*, No. 05-2719 (WJM), 2005 U.S. Dist. LEXIS 39340 at *3 (D.N.J. Sept. 22, 2005) (J. Martini) (no duty to process I-485 application because it was contingent upon a discretionary determination to grant asylum).

There is also considerable authority from other districts holding that a non-discretionary duty to process applications to adjust immigration status does not exist. *See, e.g.*, *Li v. Chertoff* --- F.Supp.2d ----, 2007 WL 1098705 (S.D. Cal. Apr. 2, 2007) (no jurisdiction to compel adjudication of I-485 application under the mandamus statute or the APA because "no statute or regulation specifies a time period within which USCIS must act"); *Grinberg*, 2007 WL 840109 ("no clear duty to adjudicate [I-485 application] within a particular time"); *Li v. Chertoff*, No. 06-13679 (LAP), 2007 WL 541974 (S.D.N.Y. Feb. 14, 2007) (no subject matter jurisdiction over complaint requesting that visa application be adjudicated within a reasonable time); *Safadi*, 466 F. Supp. 2d at 696 (no clear non-discretionary duty to process I-485 application); *Zhang v. U.S. Citizenship & Immigration Serv.*, No. 05 Civ. 4086 (RJH)(AJP), 2005 WL 3046440 (S.D.N.Y. Nov. 8, 2005) (no duty to adjudicate visa petition within specific time period); *Liberty Fund, Inc. v. Chao,* 394 F. Supp. 2d 105, 115 (D.D.C. 2005) (rejecting "the handful of unpublished district court decisions in other circuits that have granted mandamus petitions based solely on the length of a processing delay"); *Espin v. Gantner*, 381 F. Supp. 2d 261, 265 (S.D.N.Y. 2005) ("[T]he

process of immigration status adjustment is not susceptible to mandamus jurisdiction because it is wholly discretionary with the Attorney General"); *Hui Jin Zheng v. Reno*, 166 F. Supp. 2d 875, 879 (S.D.N.Y. 2001) (holding that "there is no requirement that [an application to adjust immigration status] be decided within a specific period of time").  *Cf. Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) ("The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications" (quoting *Lem Moon Sing v. U.S.*, 158 U.S. 538, 547 (1895))).

Plaintiffs cite several cases which have held that there is a non-discretionary duty on the part of immigration officials to adjudicate adjustment of status applications and have granted mandamus relief to the plaintiffs.[2]  Some of those courts have pointed to the language of 8 C.F.R. § 209.2(f) as the source of Defendants' non-discretionary duty.  *Haidari v. Frazier*, No. 06-3215 (DWF/AJB), 2006 WL 2544922 at * 4 (D.Minn. Dec. 8, 2006); *Aboushaban v. Mueller*, No. C 06-1280 BZ, 2006 WL 3041086 at * 2 (N.D. Cal. Oct. 24, 2006).  Section 209.2(f) provides that:

> The applicant *shall be notified* of the decision, and if the application is denied, of the reasons for denial. . . . If the application is approved, the director *shall record* the alien's admission for lawful permanent residence as of the date one year before the date of the approval of the application . . ..

8 C.F.R. § 209.2(f) (emphasis added).  Plaintiffs also cite several other sections of the regulations

---

[2]  Most of the cases cited by Plaintiffs, however, do not cite to a statutory or regulatory source for the defendants' non-discretionary duty.  *Duan v. Zamberry*, No. 06-1351, 2007 WL 626116 (W.D. Pa. Feb 23, 2007); *Salehian v. Novak*, No. 06-459 (PCD), 2006 WL 3041109 (D. Conn. Oct. 3, 2006); *Valenzuela v. Kehl*, No. 3:05-CV-1764BF, 2006 WL 2474088 (N.D. Tex. Aug. 28, 2006); *Paunescu v. I.N.S.*, 76 F.Supp.2d 896, 901 (N.D. Ill. 1999).

which contain similar non-discretionary language.  *See* 8 C.F.R. § 245.2(a)(5)(i) ("The applicant *shall be notified* of the decision of the director and, if the application is denied, the reasons for the denial" (emphasis added)); 8 C.F.R. § 245.6 ("Each applicant for adjustment of status under this part *shall be interviewed* by an immigration officer" (emphasis added)).

However, the Court is not persuaded by those cases which have held that immigration officials have a non-discretionary duty to adjudicate I-485 applications.  First, other sections of the United States Code, which empower the Attorney General or the Secretary of Homeland Security to adjudicate an application, are accompanied both by a statutory time period for adjudication and an explicit provision granting applicants a right to judicial review.  *See, e.g.*, 8 U.S.C. § 1447(b) ("If there is a failure to make a determination [upon an application for naturalization] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter"); 18 U.S.C. § 923(d)(2) ("The Attorney General must approve or deny an application for a license [to deal or manufacture firearms] within the 60-day period beginning on the date it is received.  If the Attorney General fails to act within such period, the applicant may file an action under section 1361 of title 28 to compel the Attorney General to act").  However, in the case of an adjustment of status application, there is no similar provision establishing a specific time frame for adjudication, nor an accompanying provision conferring a right to judicial review.  This is an indication that, with respect to an application for adjustment of status, Congress did not intend to limit the discretion of

8

immigration officials by specifying a certain time period within which they must act.

Second, none of the regulations cited by Plaintiffs or other courts as the source for Defendants' non-discretionary duty speak to the issue of withholding adjudication.  The phrases "shall be notified," "shall record," and "shall be interviewed" do not mean the same thing as "shall adjudicate."  Further, Plaintiffs and the cases they rely on cite these non-discretionary phrases in isolation, thus ignoring other sections of the regulations which allow Defendants to exercise discretion throughout the application process.[3]  For instance, the USCIS may waive an adjustment interview, 8 CFR §§ 245.6, 1245.6 ("[The adjustment] interview *may* be waived . . . when it is determined by the Service that an interview is unnecessary") (emphasis added), and "*may* direct any necessary investigation" into an application.  8 C.F.R. § 103.2(b)(7) (emphasis added).  *See Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 203 (3d Cir. 2006) ("The usual presumption is that 'may' confers discretion" (quoting *Zhu v. Gonzalez*, 411 F.3d 292, 295 (D.C. Cir. 2005))).

The regulation that speaks most directly to the Defendants' discretion to withhold adjudication is 8 C.F.R. § 103.2(b)(18), which is entitled "Withholding adjudication."[4]  Section

---

[3] *See Tyler v. Cain*, 533 U.S. 656, 662 (2001) (explaining that it is improper to "construe the meaning of statutory terms in a vacuum" because courts must "interpret the words 'in their context and with a view to their place in the overall statutory scheme'" (quoting *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989))).

[4] Section 103.2(b)(18) provides that:
 A district director may authorize withholding adjudication of a visa petition or other application if the district director determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition, and that the disclosure of information to the applicant or petitioner in connection with the adjudication of the application or petition would prejudice the ongoing investigation. If an investigation has been undertaken and has not been completed within one year

9

103.2(b)(18) confers discretion on immigration officers to withhold adjudication while

applications are investigated.  It provides that an immigration officer "may" withhold

adjudication every six months if he or she "*determines it is necessary* to continue to withhold

adjudication pending completion of the investigation."  8 C.F.R. § 103.2(b)(18) (emphasis

added); *See Jilin Pharm. USA*, 447 F.3d at 203 (the phrase "deems it to be in the national

interest" grants discretionary authority (citing *Zhu v. Gonzalez*, 411 F.3d at 295)).  The Court

finds it instructive that none of the cases holding that a non-discretionary duty exists to process I-

485 applications have discussed the implications of § 103.2(b)(18).  Indeed, none of the cases

cited by Plaintiffs nor revealed in the Court's own research which have held that a non-

discretionary duty exists to process I-485 applications cite to § 103.2(b)(18).  Nor do these cases

indicate in any way that they have considered the import of § 103.2(b)(18) as it relates to the

question of the agency's discretion to withhold adjudication.

The most commonly cited source for Defendants' non-discretionary duty, 8 C.F.R. §

209.2(f), imposes a non-discretionary duty to notify an applicant and record an admission for

---

of its inception, the district director shall review the matter and determine whether
adjudication of the petition or application should be held in abeyance for six months
or until the investigation is completed, whichever comes sooner. If, after six months
of the district director's determination, the investigation has not been completed, the
matter shall be reviewed again by the district director and, if he/she concludes that
more time is needed to complete the investigation, adjudication may be held in
abeyance for up to another six months. If the investigation is not completed at the end
of that time, the matter shall be referred to the regional commissioner, who may
authorize that adjudication be held in abeyance for another six months. Thereafter,
if the Associate Commissioner, Examinations, with the concurrence of the Associate
Commissioner, Enforcement, determines it is necessary to continue to withhold
adjudication pending completion of the investigation, he/she shall review that
determination every six months.

lawful permanent residence after a decision has been made.[5]  The plain text of the regulation

does not place any limitation on the discretion of immigration officers before a decision has been

rendered.  There is no basis for reading § 209.2(f) to encroach on the discretion to withhold

adjudication explicitly granted in § 103.2(b)(18) because § 209.2(f) refers to Defendants' duties

*after* a decision has been reached, while § 103.2(b)(18) grants discretion to withhold adjudication

while an application is pending.  Given that the Attorney General is authorized to exercise "his

discretion . . . under such regulations as he may prescribe," 8 U.S.C. § 1255(a), the Court is

required to defer to his decision to withhold adjudication pursuant to a regulation that he was

entitled to promulgate.  *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,

467 U.S. 837, 843 (1984) ("[When a] statute is silent . . . with respect to the specific issue, the

question for the court is whether the agency's answer is based on a permissible construction of

the statute").

    Of course, Congress may by law prescribe limits to the discretion that it grants to

executive officers.  *Work*, 267 U.S. at 177 ("[A] duty may be discretionary within limits. [An

executive officer] can not transgress those limits, and if he does so, he may be controlled by

injunction or mandamus to keep within them").  Here, § 1255(a) limits the Attorney General's

discretion by providing that he may adjust the status of an alien only if certain prerequisites are

met.[6]  Section 1255(a) places no other limitations on the Attorney General's discretion.  Thus, §

---

    [5]  "The applicant shall be notified *of the decision*, and *if the application is denied*, of the
reasons for denial. . . . *If the application is approved*, the director shall record the alien's
admission for lawful permanent residence as of the date one year before the date of the approval
of the application."  8 C.F.R. § 209.2(f) (emphasis added)

    [6]  Before the Attorney General may exercise his discretion "(1) the alien makes an
application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is

1255(a) begins by granting the Attorney General discretion to grant an adjustment of status and then places three limitations on that exercise of discretion, none of which relate to the pace of adjudication. This is a further indication that Congress considered the decision to withhold adjudication to be within the discretion granted to the Attorney General in § 1255(a).

Finally, it is ill-advised for courts to interfere with otherwise unreviewable agency decisions. *Zheng*, 166 F. Supp. 2d at 879-80 (judicial creation of a duty to complete an adjustment of status application within a specified time "would have the potential for mischievous interference with the functioning of already overburdened administrative agencies" (quoting *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir. 1978))). When, as here, the Court lacks power to review the ultimate agency decision and the agency's cases are backlogged, granting the writ to compel adjudication would do nothing more than shuffle to the front of the line those I-485 applicants canny enough to file a Complaint in federal district court. *Liberty Fund*, 394 F. Supp 2d at 116 (noting that if the court were to grant mandamus relief it "would simply move petitioners to the front of the queue, at the expense of other similarly situated applicants").

To conclude, Plaintiffs' application has not been adjudicated because USCIS and FBI security checks are incomplete. Therefore, pursuant to regulations that allow immigration officers to direct investigations into I-485 applicantions and to withhold adjudication until those investigations are complete, Defendants have not adjudicated Plaintiffs' application. Because Defendants' have discretion to withhold adjudication under 8 U.S.C. § 1255(a) and the

---

admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."  8 U.S.C. § 1255(a).

regulations promulgated thereunder, their decision to do so at this time is not "devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc.*, 815 F.2d at 951. Neither the statute nor the regulations prescribe a ministerial duty to adjudicate an adjustment of status application which is "so plainly prescribed as to be free from doubt." *Id.*  As Defendants have no clear duty to perform a ministerial act for Plaintiffs, the Court lacks mandamus jurisdiction under 28 U.S.C. § 1361.

## V.    JURISDICTION UNDER THE APA

Jurisdiction is also unavailable under the federal question statute, 28 U.S.C. § 1331, through the application of the APA.  *See Califano v. Sanders*, 430 U.S. 99, 105-07 (1977) (APA does not confer subject matter jurisdiction independent of 28 U.S.C. § 1331).[7]  Under the APA "when an agency is compelled by law to act within a certain time period . . . a court can compel the agency to act." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004).  However, "a court only has jurisdiction to compel an agency to act within a certain time period under the APA when the agency is compelled by law to act within a certain time period," *Li*, 2007 WL 1098705 at *6 (citing *Norton*, 542 U.S. at 65).  Additionally, the APA does not apply to agency action that is committed by law to the discretion of the agency.[8]  5 U.S.C. § 701(a)(2).  As discussed above, there is no statutory or regulatory provision compelling adjudication within a certain time period,

---

[7] *See also* 14A Charles Alan Wright, Arthur C. Miller & Edward H. Cooper, Federal Practice and Procedure § 3659, at 51 (3d ed. 1998) ("[P]laintiffs seeking relief are given the right to sue the government in a federal court by the [APA] but the subject matter jurisdiction basis is the general federal question statute").

[8] The APA defines "agency action" to include a "failure to act."  5 U.S.C. § 551(13) ("'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act").

and a decision by immigration officials to withhold adjudication is within their discretion under 8

U.S.C. § 1255(a) and 8 C.F.R. § 103.2(b)(18).[9]  Accordingly, the APA does not confer subject

matter jurisdiction on Plaintiffs' claim.

**VI.     CONCLUSION**

Because the Court lacks subject matter jurisdiction over Plaintiffs' Complaint,

Defendants' motion to dismiss will be **GRANTED**.

                                    ___ s/ Stanley R. Chesler ___
                                    Stanley R. Chesler, U.S.D.J.

DATE: May 3, 2007

---

[9]  Because the Court lacks subject matter jurisdiction under 28 U.S.C. § 1361 and the APA, it is unnecessary to decide whether 8 U.S.C. § 1252(a)(2)(B)(ii) also denies judicial review of the agency's discretion to withhold adjudication.